UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Chang Ho Kim<br><br>    Plaintiff,<br>v.<br><br>Woori Auto Repair & Body Corp., and John Shim<br><br>    Defendants. | No. 18-CV-9845<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Chang Ho Kim, through his attorneys, for his Complaint against Woori Auto Repair & Body Corp. and John Shim ("Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.* ("NJWPL"); the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.*("NJWHL"); for Defendants' failure to pay overtime compensation to Plaintiff. During the course of his employment by Defendants, Plaintiff regularly worked more than eight (8) hours per day and over forty (40) hours per week. Defendants did not pay Plaintiff minimum wage and overtime wage properly. Defendants did not pay Plaintiff overtime compensation at all. Plaintiff further alleges that Defendants' failure to pay overtime wages is willful and intentional. According to federal regulations, employers with any employees covered by the FLSA must "post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such

1

employees are employed so as to permit them to observe readily a copy." 29 C.F.R. § 516.4. Plaintiff contends that the statute of limitations must be tolled because defendants failed to post and keep posted required materials concerning employees' FLSA rights.

2. Plaintiff seeks the judgment of this Court against Defendants Woori Auto Repair & Body Corp. and John Shim for relief permitted under N.J.S.A. 34:15-39.1 et seq.

### THE PARTIES

3. Plaintiff was at all times relevant hereto employee of Defendants.

4. Plaintiff was at all times relevant hereto individual employed in the State of New Jersey by Defendants.

5. Plaintiff had at all times relevant hereto resided in the State of New Jersey.

6. Plaintiff was at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and NJSA, NJAC and the implementing rules and regulations of the FLSA and NJSA.

7. Plaintiff is filing this FLSA claim as an individual action for himself.

8. For the period commencing on or about November 25, 2013, until August 4, 2017, Plaintiff Chang Ho Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants eight (8) hours per day and over forty (40) hours per week.

9. During his employment for Defendants, Plaintiff started his work at 8 am and ended 7 pm on weekdays and he started his work at 9 am and ended 6 pm on Saturdays. He worked from Monday to Saturday. He regularly worked more than 65 hours per week.

10.     Plaintiff was paid a fixed amount of wage per week regardless of the hours he worked in a day or a week.

11.     Initially, Plaintiff worked about 65 hours per week and he was only paid $500.00. His weekly rate had been raised every year.

12.     Plaintiff performed work for Defendants the said hours worked as an express condition of his continued employment.

13.     Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

14.     Plaintiff performed manual labor for Defendants.

15.     Plaintiff was assigned to the said manual labor by Defendants.

16.     Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

17.     Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

18.     Plaintiff was required to report to work for Defendants at a certain time.

19.     Plaintiff could not set his own hours of work for Defendants.

20.     Defendant, Woori Auto Repair & Body Corp. is and was at all relevant times hereto engaged in the business of Auto Body Repair Shop.

21.     Defendant, Woori Auto Repair & Body Corp. is and was at all relevant times hereto engaged in the interstate commerce.

22.     Defendant, John Shim managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

23.     Defendant, John Shim participated in and approved of the unlawful pay practices of the business at Palisades Park in New Jersey.

24.     Defendant, John Shim was involved in assigning work to Plaintiff.

25.     Defendant, John Shim had the power and authority to discipline Plaintiff.

26.     The defendant, John Shim exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

27.     Defendant, John Shim hired Plaintiff.

28.     Defendant, John Shim was in charge of paying employees.

29.     Defendant, John Shim told Plaintiff where to work and when to work.

30.     Defendants employed Plaintiff to do work for them in the State of New Jersey.

31.     Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

32.     Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

33.     Defendants held Plaintiff out as an employee.

34.     Defendants employed and paid Plaintiff as their employee.

35.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the N.J.S.A.

36.     Defendants' failure to properly pay Plaintiff for minimum and overtime wages was intentional and willful.

37.     No exemption from overtime wages applied to Plaintiff's employment with Defendants.

38. Defendants never obtained legal advice or counsel that them minimum and overtime pay practices and/or policies were compliant with state and federal wage-hour laws.

39. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

40. No exemption from overtime applies or applied to Plaintiff when he worked or works more than 40 hours in a workweek for Defendants.

41. Defendants failed to pay Plaintiff overtime premium for all hours worked in excess of 40 hours per workweek.

42. Defendants' failure to pay Plaintiff at the proper minimum and overtime rate was intentional and willful.

43. Defendant Woori Auto Repair & Body Corp.is a New Jersey corporation and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

44. Upon information and belief, Woori Auto Repair & Body Corp. has been, at all relevant times, an enterprise engaged in commerce within the meaning of FLSA in that it (i) had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and its (ii) annual gross volume of sales or business is not less than $500,000.

45. Upon information and belief, Defendant Woori Auto Repair & Body Corp., at all relevant times, was an employer as defined by FLSA and NJWHL.

46. Defendant, John Shim is a citizen and is the President of Defendant Woori

Auto Repair & Body Corp.

## JURISDICTION AND VENUE

**47.** This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and wrongful discharge pursuant N.J.S.A 34:15-39.1. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation of the Fair Labor Standards Act -Overtime Wages

48. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

49. This count arises from Defendants' repeated violation of the Fair Labor Standards Act, 29 U.S.C. §201. *et. seq.,* and for their failure to pay overtime wages to Plaintiff for all hours worked.

50. For the period commencing on or about from November 25, 2013, until August 4, 2017, Plaintiff Chang Ho Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of eight (8) hours per day and forty (40) hours per week.

51. During his employment with Defendants, Plaintiff was paid the fixed amount every week in cash regardless of the hours he worked in a day or a week.

52. Plaintiff regularly worked more than 40 hours a week and was never paid the proper amount of overtime wages.

53.     This Court has jurisdiction to hear this Count pursuant to 29 U.S.C. §216(b) and venue is proper in this judicial district.

54.     During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

55.     Plaintiff was directed by Defendants to work and did so work, in excess of forty (40) hours per week.

56.     Pursuant to 29 U.S.C. §207, for all weeks, during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular rate of pay.

57.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours in individual workweeks.

58.     Defendants' failure and refusal to pay overtime premium at one-half times Plaintiff's rate of pay for hours worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. §207.

59.     Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorney's fees and costs incurred in filing this action; and

D.	Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

60.	Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

61.	The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

62.	At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

63.	Under the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

64.	Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required by the FLSA.

65.	The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A.	Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus

liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

B. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

C. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of NJWHL – Minimum Wages

66. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

67. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

68. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the New Jersey Administrative Code 12:56-3.1 and the New Jersey Statutes Annotated 34:11-56a4 *seq.* Plaintiff brings this action pursuant to New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

69. At all relevant times herein, Defendants were "employers" as defined in the N.J.A.C. 12:56-2.1, and Plaintiff was "employee" within the meaning of that Act.

70. Pursuant to 34:11-56a4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

71. Defendants did not compensate Plaintiff minimum wages for all hours worked.

72. Defendants violated the New Jersey Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid minimum wages for all hours worked;

B. Punitive damages pursuant to the formula set forth in minimum wage provisions of the New Jersey Administrative Code 12:56-3.1 and the New Jersey Statutes Annotated 34:11-56a4 *seq.*

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of NJWHL - Overtime Wages

73. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and re-alleges each and every allegation set forth in this Complaint as though set forth fully at length herein.

74. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

75. The matters set forth in this Count arise from Defendant's violation of the minimum and overtime wage compensation provisions of the N.J.S.A. 34:11-56.

76. Pursuant to N.J.S.A. 34:11-56a4, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

77. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

78. Defendants violated the NJWHL by not compensating Plaintiff's minimum

and overtime wages for hours worked in excess of forty (40) in individual work weeks.

79. Defendants willfully violated the N.J.S.A minimum and overtime wage law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

**WHEREFORE**, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one-half times Plaintiff's regular rate for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation under NJWPL

80. Plaintiff repeats and realleges all preceding paragraphs of the Complaint as if fully set forth herein.

81. Defendants employed Plaintiff as an auto body technician, non-exempt employee.

82. Defendants did not pay Plaintiff for all of the hours he worked despite he worked more than 40 hours per week.

83. Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

84. As a result of Defendants' uniform policies and practices described above, Plaintiff was illegally deprived of regular wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and

post-judgment interest, and other compensation pursuant to N.J.S.A. 34:11-4.1 et seq.

## COUNT VI
## Wrongful Termination in Violation under Workers Compensation Law

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. Defendant Woori Auto Repair & Body Corp. is NJ Corporation and it provides service of repairing bodies of automobile vehicles in New Jersey.

87. On about November 25, 2013, Defendants hired Plaintiff at the rate of $500.00 per week.

88. On August 4, 2017, Plaintiff completed spray painting a car and came out of the spray painting room. As soon as Plaintiff got out of the room, he was feeling dizzy and fell off the stairs and injured himself. Defendant John Shim came to him and laid him up in the office.

89. The next day, Plaintiff's injury got worse. Defendant John Shim told plaintiff to get treatment using Plaintiff's own health insurance.

90. On about August 7, 2017, Plaintiff had been receiving physical therapy for several days and his injury was getting worse and so he received a shoulder MRI scan. The doctor diagnosed that the shoulder muscles were torn in two and Plaintiff was not able to work for at least a month.

91. On about August 8, 2017, John Shim said he will cover the accident with Workers' Compensation Insurance.

92. Plaintiff had severe back pain and in about October 2017, Plaintiff found that his spine was cracked and a disc was formed in his neck due to the accident. He was

receiving treatment for his injury and was not able to work.

93. After about 6 months of treatment, the doctor who was treating plaintiff cleared him to work. Around beginning of February 2018, Plaintiff visited Defendant John Shim to ask if he could return his work and if he could work two-three times a week. John Shim said he would think and research about it.

94. On about February 17, 2018, Plaintiff returned to Defendant John Shim to get his answer, but instead of renewing plaintiff's employment with defendant, Defendant Shim terminated Plaintiff's employment.

95. After Plaintiff was terminated by Defendants, he looked for another job, but John Shim gave a bad reference to others saying that "Chang Ho Kim is trying to extract a lot of money from me with his small injury." With this bad reference, it was impossible to get a new job for Plaintiff.

96. This action brought pursuant to N.J.S.A. 34:15-39.1 et seq., which prohibits discrimination and retaliation against a person because the employee claimed Workers' Compensation benefits from the employer. Defendants are liable to plaintiff for lost wages arising out of such discrimination and must return plaintiff to employment.

97. Defendants conduct as alleged in this complaint constitutes an unlawful employment practice in violation of N.J.S.A. 34:15-39.1 et seq.

98. As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits.

99. Plaintiff, at all times during his employment with Defendants, had performed his duties in a competence, thorough manner. He had no significant disciplinary history and had never been suspended from his duties.

**PRAYER FOR RELIEF FOR COUNTS V & VI**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR") N.J.S.A. 34:11-56a et seq.;

(C) A declaratory judgment that Defendants' wage practices alleged herein violate the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 et seq.;

(D) An Order for injunctive relief ordering Defendants to comply with the FLSA, NJWHLR, NJWPL and end-all of the illegal wage practices alleged herein;

(E) Judgment for damages for all unpaid overtime compensation to which Plaintiff is lawfully entitled under the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq.;

(F) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, et seq., and attendant regulations at 29 C.F.R. § 516 et seq., in an amount equal to all unpaid overtime wages owed to Plaintiff and members of the Collective during the applicable statutory period;

(G) Judgment for damages for all unpaid overtime compensation to which is lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a et seq.;

(H) Judgment for damages for all unpaid regular wages to which Plaintiff is lawfully entitled under the NJWPL, N.J.S.A. 34:11-4.1 et seq.;

(I) An Order directing Defendants to pay Plaintiff reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, 29 U.S.C. §201 et seq.; (

(J) An Order directing Defendants to pay Plaintiff pre and post-judgment interest, reasonable attorney's fees and all costs connected with this action pursuant to the NJWHLR, N.J.S.A. 34:11-56a et seq.;

(K) Awarding Plaintiff damages, including, but not limited to, equitable, punitive and compensatory damages on all lost benefits, wages, and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, the adverse tax consequences of a lump sum award, and other benefits with respect to Plaintiff's employment, and noneconomic damages for emotional distress, together with both pre-judgement and post-judgement interest and attorneys' fees and costs of court for Defendant's wrongful termination due to the discrimination of worker's compensation.

(L) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and N.J.S.A.

(M) The cost and disbursements of this action;

(N) An award of prejudgment and post-judgment fees;

(O) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**JURY TRIAL**

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: May 30, 2018

        /s/ Ryan Kim
Ryan J. Kim

Ryan Kim Law
163-10 Northern Blvd. Suite 205
Flushing, NY 11358
Attorney for Plaintiff